UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| DAVID MORGAN and ANGIE MORGAN, Individually and as Next Friends of JACOB MORGAN, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>DICK'S SPORTING GOODS, INC. and PRECISION SHOOTING EQUIPMENT, INC. a/k/a PSE ARCHERY,<br><br>Defendants. | CIVIL ACTION NO: _____ |

## NOTICE OF REMOVAL

COMES NOW Dicks Sporting Goods, Inc., Defendant in the above-styled action ("Dick's"), and pursuant to 28 U.S.C. § 1446, hereby removes the action now pending in the Superior Court of Hall County, State of Georgia, Civil Action No. 2018CV174A styled as *David Morgan and Angie Morgan, Individually and as Next Friends of Jacob Morgan, a minor v. Dick's Sporting Goods, Inc. and Precision Shooting Equipment, Inc. a/k/a PSE Archery*, and respectfully shows this Honorable Court as follows:

1

1. A civil action was filed by the above-named Plaintiff in the Superior Court of Hall County, Georgia, naming the above Defendants, being Civil Action File Number 2018CV174A. The Complaint and Summons are attached collectively hereto as Exhibit "A."

2. In the above-styled civil action, Plaintiffs David Morgan and Angie Morgan, individually and as next friend of Jacob Morgan, a minor, make claims of negligence, failure to warn, product liability, and breach of implied warranty against Defendants. In their Complaint, Plaintiffs allege that Jacob Morgan purchased a bow and fiberglass arrows manufactured by Defendant Precision Shooting Equipment, inc. a/k/a PSE Archery ("PSE") at a retail location operated by Defendant Dick's Sporting Goods, Inc. ("Dicks"). (Complaint ¶ 8-10). Plaintiffs further allege that when Jacob Morgan attempted to use the bow and arrow at home, "sudden and without warning the arrow exploded . . . The splintered and broken pieces of the arrow went into Jacob's hand and impaled his thumb." (Complaint ¶ 15). Plaintiffs allege that "the large pieces of fiberglass pass[ed] through his thumb requiring surgery," and that "there were shards of fiberglass in Jacob's thumb that could not be removed" and remain to this day. (Complaint ¶ 17-20). The Complaint further alleges that Jacob Morgan is left handed and suffered a "2% impairment of motion in his left hand, 10%

impairment of sensory loss in the left hand, 12% impairment to the left thumb, 2% impairment to the left hand as a whole, and 1% impairment of the whole person," and has permanent scarring. (Complaint ¶ 21-22). Finally, the Complaint alleges that Plaintiffs have incurred approximately $27,126 for medical treatment as a result of the alleged incident. (Complaint ¶ 24).

3. Plaintiffs made a demand of well over $75,000 before filing suit.

4. Based upon the allegations in Plaintiff's Complaint as well as Plaintiffs' pre-suit demand, Defendant in good faith avers that the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney's fees.

5. At all times material to this action, Plaintiffs were citizens of the State of Georgia.

6. At all times material to this action, Defendant Dick's was a Delaware corporation, having its principal place of business in Pennsylvania.

7. At all times material to this action, Defendant PSE was a Delaware corporation, having its principal place of business in Arizona.

8. Accordingly, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

9. This action was commenced in the Superior Court of Hall County, Georgia. Defendant initially learned of Plaintiffs' Complaint on February 8, 2018,

the day service of process was effected on its Registered Agent, Corporation Service Company.

10. Counsel for Defendant PSE has advised that PSE consents to this removal, and upon information and belief, will be filing a notice of consent once it enters the case.

11. Pursuant to 28 U.S.C. §1446(d), Defendant has provided written notice to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Superior Court of Hall County, Georgia. (A copy of the Notice of Filing Notice of Removal filed with the Hall County clerk and provided to opposing counsel is attached hereto as Exhibit "B").

WHEREFORE, Defendant Dick's Sporting Goods, Inc. respectfully submits this matter to this Court's jurisdiction and requests that this matter be removed to this Court.

8825085v.1

Respectfully submitted, this 7th day of March 2018.

                                     **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

One Atlanta Plaza  
950 East Paces Ferry Road NE  
Suite 2850  
Atlanta, GA 30326  
T: 470-419-6650  
F: 470-419-6651  
parks.stone@wilsonelser.com  
shawn.bingham@wilsonelser.com  

/s/ *Parks K. Stone*  
**Parks K. Stone**  
GA Bar No. 547930  
**W. Shawn Bingham**  
GA Bar No. 839706  

*Counsel for Defendant Dicks Sporting Goods, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **NOTICE OF REMOVAL** by sending a copy via email and via Certified Mail Return Receipt Requested by the United States Postal Service to counsel for Plaintiff, addressed as follows:

> Daniel L. Parr, Sr.
> Mike Weaver
> Weaver Law Firm
> P.O. Box 414
> Gainesville, GA 30503
> dan@weaverlawfirmga.com
> mike@weaverlawfirmga.com
> *Counsel for Plaintiffs*

This 7th day of March 2018.

/s/  *Parks K. Stone*
Parks K. Stone
GA Bar No. 547930

8825085v.1