# EXHIBIT "A"

IN THE SUPERIOR COURT OF HALL COUNTY
STATE OF GEORGIA

MORGAN DAVID

    (Plaintiff)
    vs.

DICKS SPORTING GOODS INC

  RA:CORPORATION SERVICE COMPANY
  40 TECHNOLOGY PKY SOUTH STE300
  NORCROSS, GA 30092

PRECISION SHOOTING EQUIPMENT INC
  DBA PSE ARCHERY
  RA: GERALD MALTZ
  1 S. CHURCH AVENUE STE 900
  TUCSON, AZ 85701
    (Defendant)

CASE NO.: 2018CV000174A

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

  DANIEL L PARR SR
  WEAVER LAW FIRM
  310 E.E. BUTLER PKWY
  PO BOX 414
  GAINESVILLE, GA 30503

  MIKE WEAVER
  WEAVER LAW FIRM
  310 E E. BUTLER PARKWAY
  P.O. BOX 414
  GAINESVILLE, GA 30503

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This  6th  day of  February , 2018.

Charles Baker
Clerk of Superior and State Courts

_Charles Baker_
Clerk

IN THE SUPERIOR COURT OF HALL COUNTY
STATE OF GEORGIA



FILED
HALL CO., GA
2018 FEB -6 PM 1:27
CHARLES BAKER, CLERK
SUPERIOR-STATE COURT
BY

| | |
|---|---|
| DAVID MORGAN AND ANGIE MORGAN, Individually and as Next Friends of JACOB MORGAN, a minor, Plaintiffs<br><br>vs.<br><br>DICK'S SPORTING GOODS, INC. and and PRECISION SHOOTING EQUIPMENT, INC., d/b/a PSE ARCHERY<br>Defendants. | Civil Action File No.<br><br>2018 CV 174 A |

## COMPLAINT FOR DAMAGES

COMES NOW DAVID MORGAN AND ANGIE MORGAN, individually and as Next Friends of JACOB MORGAN, a minor, Plaintiffs in the above styled civil action, and submit this Complaint for Damages against DICK'S SPORTING GOODS, INC. and PRECISION SHOOTING EQUIPMENT, INC., d/b/a PSE Archery and show the Court as follows:

### GENERAL ALLEGATIONS

1.

Defendant Dick's Sporting Goods, Inc. (hereinafter "Dick's") is a Delaware Corporation authorized to transact business in Georgia which may be served through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, GA 30092.

2.

Defendant Precision Shooting Equipment, Inc., d/b/a PSE Archery (hereinafter "PSE") is a foreign corporation which is not authorized to transact

Morgan v. Dick's Sporting Goods, Inc., et. al.
Superior Court of Hall County
Complaint for Damages                                                      Page 1

business in Georgia and has not designated a registered agent in the state of Georgia for purposes of service of process. PSE may be served pursuant to O.C.G.A. § 9-11-4(e)(2) through its designated statutory agent, Gerald Maltz, 1 S. Church Avenue, Suite 900, Tucson, Arizona 85701-1680.

3.

Defendant Dick's has an office and place of doing business located at 150 Pearl Nix Parkway, Suite G, Gainesville, Hall County, Georgia 30501.

4.

The tort giving rise to this action originated and occurred in Hall County Georgia. Defendant Dick's has an office and place of doing business in said county; therefore, venue is proper as to Dick's in Hall County, Georgia pursuant to O.C.G.A. § 14-2-510(b)(3).

5.

Defendant PFE is a foreign corporation and is subject to the venue and jurisdiction of this court pursuant to O.C.G.A. § 9-10-91 and 93.

6.

Jurisdiction and venue are proper in the Superior Court of Hall County, Georgia.

7.

At all times relevant hereto Jacob Morgan was and is a minor. Plaintiffs David Morgan and Angie Morgan are the biological and legal parents of Jacob Morgan. Plaintiffs David Morgan and Angie Morgan have standing to bring suit for personal injuries on behalf of their minor child, Jacob Morgan.

Morgan v. Dick's Sporting Goods, Inc., et. al.
Superior Court of Hall County
Complaint for Damages                                                    Page 2

8.

On March 8, 2016, David and Angie Morgan took their son, Jacob, to the Dick's retail location at 150 Pearle Nix Parkway in Gainesville, Georgia to purchase a bow for him. While at Dick's, the store employee set up the bow and allowed Jacob to go to the indoor archery range and try it out. Based on the advice of the Dick's employee, the Morgans purchased a Bear Archery Apprentice III Compound Bow.

9.

The salesperson at Dick's told the Morgans that particular bow was Jacob's size and would be perfect for him. After the purchase, adjustments were made at the store that same day. The adjustments were recommended and in fact made by the Dick's employee.

10.

The Dick's salesperson also recommended and sold arrows to the Morgans. The arrows sold to the Morgans were PSE Archery Explorer 28" fiberglass arrows manufactured, marketed, and placed in commerce by Defendant PSE.

11.

Dick's displayed the arrows in such a manner that they stuck out in the isle of the store. The display technique subjected the arrows to being bumped by into by customers which can result in them hitting other arrows, hitting the shelves or being knocked on the floor.

12.

Defendant PSE placed no warning on the product packaging informing buyers that damaged or defective arrows could fail during use and result in injury to the user.

Morgan v. Dick's Sporting Goods, Inc., et. al.
Superior Court of Hall County
Complaint for Damages                                                          Page 3

Page 6

Defendant Dick's placed no warning on the packaging or in the store informing customers that damaged or defective arrows could fail during use and result in injury to the user.

13.

The Plaintiffs did not know at any time relevant to this action that damaged or defective arrows could fail during use and result in injury to the user.

14.

On March 9, 2016, Jacob's birthday, Jacob went outside his home with his father to shoot the bow. David opened the package of arrows and gave one to Jacob. Jacob fired it without incident. David handed Jacob a second arrow from the package—again, a new arrow which had never been shot. The arrow appeared to be in new condition as there was no immediate indication to David or Jacob of any flaw or defect. Jacob properly knocked the arrow into place and pulled the bow string preparing for his second shot.

15.

Suddenly and without warning the arrow exploded and Jacob immediately felt excruciating pain. The arrow had failed, exploding and splintering into pieces in the middle of the shaft. The splintered and broken pieces of the arrow went into Jacob's left hand and impaled his thumb.

16.

Jacob exercised due care for his own safety at the time of the injury. Jacob did nothing to contribute to the failure of the product. Neither Jacob Morgan nor David Morgan engaged in any conduct which caused or contributed to the injury in question.

Morgan v. Dick's Sporting Goods, Inc., et. al.
Superior Court of Hall County
Complaint for Damages                                               Page 4

17.

David rushed Jacob to the Northeast Georgia Medical Center ER where he was treated by Dr. Edward Abell. Jacob had large pieces of fiberglass passing through his thumb requiring surgery. The surgery was a complex removal process, that included the extensor tendon, the interphalangeal joint and surrounding soft tissues.

18.

The surgery required Dr. Abell to cut Jacob's thumb to the bone for the entire length of the thumb in order to manually remove the fiberglass. Dr. Abell further noted "the fiberglass was very fragmented and obviously a multitude of the small fibers were present." Dr. Abell noted in his report that there were shards of fiberglass left in Jacob's thumb that could not be removed.

19.

Jacob has suffered personal injury as the result of this incident. This injury has included physical pain and suffering, emotional pain and suffering, anxiety and worry, past, present, and future.

20.

Some fiberglass fragments remain in his hand. From time to time these fiberglass shards work their way to the top of the skin and then have to be removed manually. This is an extremely painful process.

21.

Jacob has diminished use of his thumb, specifically restriction of movement and lack of grip strength in his left hand. The restriction of movement and lack of strength has changed the way Jacob engages in daily life. Jacob is left handed.

Morgan v. Dick's Sporting Goods, Inc., et. al.
Superior Court of Hall County
Complaint for Damages                                                                Page 5

There are many activities Jacob once loved to do that the injury has limited. Jacob has suffered a permanent injury from this incident. Dr. Abell has concluded Jacob has suffered a 2% impairment of motion in his left hand, 10% impairment of sensory loss in the left hand, 12% impairment to the left thumb, 2% impairment to the left hand as a whole, and 1% impairment of the whole person.

22.

Jacob has permanent scarring to his thumb.

23.

All of the injuries suffered by Jacob are proximately caused by the negligence and other wrongful conduct of the Defendants herein.

24.

David Morgan and Angie Morgan have incurred medical expenses for Jacob's treatment and will likely incur additional expenses in the future. Specifically, the Plaintiffs have incurred medical expenses as follows: Gainesville Emergency Dept. Services $837.00; Gainesville Radiology Group $35.00, Northeast Georgia Medical Center $22,744.00, Northeast Georgia Plastic Surgery Associates $2,031.00, and Anesthesia Associates of Gainesville $1,479.00 for an approximate present total of $27,126.00.

## COUNT I- NEGLIGENCE

25.

The allegations contained in paragraph 1-24 hereinabove are incorporated hereinabove by reference and made a part hereof as if each paragraph were separately and fully asserted and restated herein.

Morgan v. Dick's Sporting Goods, Inc., et. al.
Superior Court of Hall County
Complaint for Damages                                                      Page 6

Morgan v. Dick's Sporting Goods, Inc., et. al.
Superior Court of Hall County
Complaint for Damages                                                      Page 6

Page 9

26.

Dick's was negligent in in selling the bow and arrows to Plaintiffs. Dick's sold incompatible products. The display placement of the arrows in the store was negligent. Dick's failed to inspect the arrows in question upon creating a mechanism for damage to them.

27.

PSE and Dick's were negligent in failing to warn the Plaintiffs as specifically set forth in Count II below.

28.

Said conduct by Defendants is the proximate cause of Plaintiffs' injuries and damages as alleged above. Plaintiffs seek damages authorized by law in an amount proved at trial occasioned by same.

## COUNT II- FAILURE TO WARN

29.

The allegations contained in paragraph 1-28 hereinabove and incorporated herein by reference and made a part hereof as if each paragraph were separately and fully asserted and restated herein.

30.

PSE had actual or constructive knowledge of the actual danger in the case at bar to users of the arrows and therefore had a duty to give warning of such dangers to the purchaser at the time of sale and delivery. PSE did not warn the Morgans of the danger of using this product in the event of a product failure. PSE did not warn the Morgans of the need to inspect arrows for defects prior to use.

Morgan v. Dick's Sporting Goods, Inc., et. al.
Superior Court of Hall County
Complaint for Damages                                                                 Page 7

Page 10

31.

Dick's had actual or constructive knowledge of the actual danger in the case at bar to users of this product. A retailer of a product which, to their actual or constructive knowledge, involves danger to users has a duty to give warning of such danger to the purchaser at the time of sale and delivery. Dick's did not warn the Morgans of the danger of using this product in the event of a product failure. Dick's did not warn the Morgans of the need to inspect arrows for defects prior to use.

32.

In the event PSE contends it is merely a product seller, then in the alternative PSE had actual or constructive knowledge of the actual danger in the case at bar to users of this product. A retailer of a product which, to their actual or constructive knowledge, involves danger to users has a duty to give warning of such danger to the purchaser at the time of sale and delivery. PSE did not warn the Morgans of the danger of using this product in the event of a product failure. PSE did not warn the Morgans of the need to inspect arrows for defects prior to use.

33.

Said conduct by Defendants is the proximate cause of Plaintiffs' injuries and damages as alleged above. Plaintiffs seek damages authorized by law in an amount proved at trial occasioned by same.

## COUNT III- PRODUCTS LIABILITY

34.

The allegations contained in paragraph 1-33 hereinabove and incorporated herein by reference and made a part hereof as if each paragraph were separately and

Morgan v. Dick's Sporting Goods, Inc., et. al.
Superior Court of Hall County
Complaint for Damages                                                                 Page 8

fully asserted and restated herein.

35.

Defendant PSE is liable to Plaintiffs pursuant to O.C.G.A. § 51-1-11 and applicable case law. The arrow at issue was sold as new and same was not merchantable and reasonably suited to the use intended. The condition of the arrow when sold is the proximate cause of the injury. The product in question was defective as to its manufacturing and as to the lack of warning given regarding the product.

36.

Upon information and belief, PSE was actively involved in the conception, design, or specifications of the arrows at issue and is therefore strictly liable for its failure.

37.

In the event PSE contends another entity is the manufacturer of said arrows, Plaintiffs contend PSE serves as said manufacturer's exclusive agent for the sale of said product and is strictly liable for its failure.

38.

Said conduct by Defendants is the proximate cause of Plaintiffs' injuries and damages as alleged above. Plaintiffs seek damages authorized by law in an amount proved at trial occasioned by same.

### COUNT IV- BREACH OF IMPLIED WARRANTY

39.

The allegations contained in paragraphs 1-38 hereinabove are incorporated herein by reference and made a part hereof as if each paragraph was separately and

---

Morgan v. Dick's Sporting Goods, Inc., et. al.
Superior Court of Hall County
Complaint for Damages                                                                 Page 9

fully asserted and restated herein.

40.

PSE and Dick's, to the extent they are considered by law to be product sellers, are liable for breach of implied warranty. The arrow at issue was defective for the purpose of the implied warranty of merchantability as same was defective and said defect rendered same unfit for the ordinary purpose for which it was purchased.

41.

Said conduct by Defendants is the proximate cause of Plaintiffs' injuries and damages as alleged above. Plaintiffs seek damages authorized by law in an amount proved at trial occasioned by same.

## COUNT V- ATTORNEY FEES

42.

The allegations contained in paragraphs 1-41 hereinabove are incorporated herein by reference and made a part hereof as if each paragraph was separately and fully asserted and restated herein.

43.

Defendant's actions have been in bad faith, are stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expenses, including the services of hiring an attorney and other court costs to protect their rights. Defendants are liable to Plaintiffs for all costs of such action, including reasonable and necessary attorney's fees and expenses of litigation as provided at O.C.G.A. § 13-6-11.

Morgan v. Dick's Sporting Goods, Inc., et. al.
Superior Court of Hall County
Complaint for Damages

Page 10

Page 13

WHEREFORE, Plaintiffs pray:

a) That summons issue and process be served upon Defendants as provided by law;

b) That Plaintiffs have a jury trial by twelve jurors as provided by law;

c) That Plaintiffs have judgment against Defendants in an amount to be proven at trial by the enlightened conscience of fair and impartial jurors;

d) That Plaintiffs be awarded attorney fees; and

e) That Plaintiff have any such other further relief as authorized by law.

Respectfully submitted this ____6th____ day of ___February___, 2018.

Daniel L. Parr, Sr.
Attorney for Plaintiffs
Ga. Bar No: 564654
Weaver Law Firm
P.O. Box 414
Gainesville, GA 30503
dan@weaverlawfirmga.com
770-503-1582 (phone)
770-534-0289 (fax)

Mike Weaver
Attorney for Plaintiffs
GA State Bar No.: 743270
Weaver Law Firm
P.O. Box 414
Gainesville, GA 30503
mike@weaverlawfirmga.com
770-503-1582(p);770-534-0289(f)

Morgan v. Dick's Sporting Goods, Inc., et. al.
Superior Court of Hall County
Complaint for Damages                                    Page 11

Civil Action No. __2118CV 174 A__

Date Filed __02-06-2018__

Attorney's Address ATTN: DAN PARR, ESQ.
Weaver Law Firm
PO Box 414
Gainesville, GA 30503

Superior Court ☒
State Court ☐

77107

Hall County, Georgia

DAVID MORGAN + SHEIF MORGAN
INDIVIDUALLY and as Next Friend
of JACOB MORGAN, A MINOR

Plaintiff

**Name and Address of Party to be Served**

DICK'S SPORTING GOODS, INC.
By + Thru Its Registered Agent:
Corporation Service Company
40 Technology Parkway South
Suite 300
Norcross, GA 30092

VS.

DICK'S SPORTING GOODS, INC. +
PRECISION SHOOTING EQUIPMENT, INC.
d/b/a PSE ARCHERY

Defendants

Re: Summons + Complaint
for Damages

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons, Complaint for Damages

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑
Served the defendant __Dick's Sporting Goods, Inc.__ a corporation by leaving a copy of the within action and summons with __ALISHA SMITH__ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____ not to be found in the jurisdiction of this County.

This __8th__ day of __~~Jan~~ FEB__, 20__18__.

_____
Sgt R Caraha, SO 890
DEPUTY

SHERIFF DOCKET _____ PAGE _____

GWINNETT COUNTY, GEORGIA

WHITE: Clerk   CANARY: Plaintiff Attorney   PINK: Defendant

SC-2 Rev. 85